fact dated April 27, 1999; and further denies that petitioner was penalized for any behavior other than her gross effrontery to the court and disrespect for the laws she did not like; and further, that the Judgment and findings speak for themselves. And further answering says that if there were errors of law in the Massachusetts Trial Court, the method of attacking such errors is by direct appeal, which petitioner followed to the highest level of Massachusetts and was denied on each and every issue. And further, that petitioner here admits that she is ***attempting to impermissibly collaterally attack*** the Final Judgment of the Trial Court which had jurisdiction over her person and the subject matter and whose judgment was affirmed by both levels of the Massachusetts appellate system.

20. As to the allegations in ¶ 20, denies every allegation and characterization therein and further answering says that the Massachusetts courts found, as a matter of fact and law, that the petitioner wrongfully removed and then wrongfully retained the child in Italy, and that the child's home state never actually or legally changed from Massachusetts.

21. As to the allegations in ¶ 21, admits the allegations.

22. As to the allegations in ¶ 22, denies the allegations as set forth. Further answering, father says that petitioner ignores the fact that 11 months

earlier, a final judgment entered in Massachusetts, that she never informed the Italian Court of its entry, all the while continuing to play one country off against the other. Further answering, says the Orders and Judgments of all courts speak for themselves, provided they are the official orders of each court and not some haphazard translations whose source and authenticity cannot be verified. Further, Father denies he ever wrongfully retained his son in Massachusetts or anywhere else.

23. As to the allegations in ¶ 23, denies the allegations as set forth, says the Genoa Order is a document which was procured by petitioner's fraud and deceit and that the issue of how notice was received, is both irrelevant and immaterial to any issue in this case. Once again, petitioner ignores the 121 findings of fact which not merely summarize but elaborate and refine in excruciating detail all of the events that occurred during the course of the period under review and ignores the 4 pages of conclusions of law reached by the trial judge, all of which were affirmed on appeal.

24. As to the allegations in ¶ 24, denies the allegations as set forth, denies he has wrongfully retained the child; and denies that petitioner has correctly followed the procedures established by ICARA as she has falsely and fraudulently informed the U.S. Central Authority and this Court of the

Page 21 of 27

facts surrounding the Italian proceeding and her having obtained orders by fraud and deceit on the Court. Further answering, father says that petitioner's demand for Max's return ignores the Massachusetts decisions and denies she is entitled to the return of the child who has now lived with father for more than 5 years.

25. As to the allegations in ¶ 25, denies the allegations of fact, if any, therein.

26. As to the allegations in ¶ 26, denies the allegations of fact therein and says that the statements are bald conclusions of law which, in any event, misstate the law and rely on facts not here present.

27-&

28. As to the allegations in ¶ ¶ 27 and 28, father denies all statements of fact, if any, and says that not one single hearing was ever held *in absentia* nor was any ever conducted without actual notice to petitioner's counsel, always in accordance with the laws and rules of Massachusetts. Further answering, denies that he or anyone with his knowledge, approval or later ratification ever threatened petitioner that she would be arrested. In fact, on the contrary, father and his Attorney prepared a "Protective Order" which guaranteed that no such arrest, civil or criminal, would ever be instigated by them, or either of them and none has been. Further answering, father

says that at all times since the commencement of this Federal proceeding, he has authorized his counsel to agree that no original process shall issue nor shall petitioner be served with such during the pendency of this proceeding. However, petitioner is now in arrears 13 weeks of child support which she ordered to be stopped when she entered this action. Father further says that he intends to seek a complaint for contempt if his request for payment of arrears dated July 8, 2004, is not honored within 10 days of this date. Father will not cause any original process to issue against the petitioner unless she is in violation of the Massachusetts Judgment.

29. As to the allegations in ¶ 29, denies each and every allegation of fact therein, if any, and further says that father has never referred to the acts of the Italian Courts as a kidnapping; rather, it has been the acts of the petitioner which constitute kidnapping and wrongful retention; and further denies ever making any threat involving any penalty which allegations are a total fabrication.

30. As to the allegations in ¶ 30, denies the characterizations in the first sentence, and admits that over 3 years ago, the statements made within the quotation were either approved in advance or ratified by him, and admits the telephone limitations were put in place for exactly the reasons stated in

the quoted E-mail.

31. As to the allegations in ¶31, petitioner omits to inform the court that the proceedings referred to were initiated only after the Protective Order was removed on motion and with notice; that the proceedings were a 4th contempt action and that the restraining order was to prevent the petitioner and her publisher from distributing almost $70,000.00 in royalties and other monies to the petitioner, where she owed those funds to the Guardian ad Litem she had not paid, and to Father as sanctions and for one half of the legal fees she had caused him to incur in Massachusetts, all as had been ordered 5 years earlier under the April 27, 1999 Judgment. Because it was a Massachusetts Trustee Process proceeding, father had no duty to make any kind of service of process except as provided under Massachusetts law, (assuming that something other than actual notice [which was given] could have been supplanted by any other form of notice.) Further, no compliance with the Hague Convention or ICARA was required as the proceedings in 2004, did not involve custody or visitation, but only petitioner's refusal to comply with sanctions imposed 5 years before the process was instituted. Further, father denies he was required to provide service of process under Italian law as the proceedings were initiated and

conducted in the United States; further petitioner omits to state that she filed an Answer to the merits of the Complaint for Contempt and thus issue was joined.

32. As to the allegations in ¶ 32, father admits the allegations.

33. As to the allegations in ¶ 33, father is without knowledge or information sufficient to answer the allegations therein, to whatever extent they may be relevant or material to this action.

34. As to the allegations in ¶34, father admits that §11604 contains the quoted language and says that there has been neither removal nor concealment and that if the Court wishes to protect the child, it only need not expose him to his mother until she appears before the appropriate forum in Massachusetts seeking an order for visitation or custody.

## **FOURTH DEFENSE**

**IV.** **Laches.** This action is barred by the doctrine of laches as the petitioner has waited more than 5 years to commence the action, knowing that father has significantly changed his own position as well as that of their son, Max., in reliance upon the finality of the April 27, 1999 Judgment of Modification in which he was awarded custody of their son, Max.

## FIFTH DEFENSE

<u>V.</u>   This action is barred by the Statutes of Limitations as set out in the Hague Convention and ICARA as well as Under the laws of Massachusetts, to the extent that a choice of laws analysis is undertaken.

## RELIEF REQUESTED BY FATHER

WHEREFORE, Father respectfully seeks the following relief:

1. That the Petition be dismissed, with costs.

2. That, in the alternative, this action should be transferred, remanded or otherwise dismissed, to be entered in the Worcester Division of the Probate & Family Court Department of the Trial Court of Massachusetts, under its long existing and still active name and Docket #, created and entered on July 18, 1995:

   <u>*SUZANNE BRANCIFORTE V. ADRIAN HERNANDEZ, #95DR 2156*</u>,

3. That if the action remains in this Court, that Petitioner be ordered to undergo a complete mental health examination under Rule 35 and that she be ordered to appear in Massachusetts and remain here until the examining psychiatrist and his/her psychologists who administer various psychology

testing mechanisms have completed their tests and interviews; and that the report of that examination be provided to the Court as well as to the parties and counsel of record.

4. That the Plaintiff be assessed with legal fees and costs incurred by Defendant, as the petition was falsely filed with the intent to deceive the Court. The petition is frivolous, vindictive and completely fabricated, both as to allegations of fact and of law.

5. For such other and further relief as the Court may deem appropriate.

ADRIAN HERNANDEZ
BY HIS ATTORNEY,

EDWIN C. HAMADA, ESQ.
BBO # 128480
790 Boylston Street Apt. 16C
Boston, MA 02199
Tel   617-262-8890
Fax   617-859-9538
E-Mail: edhamada@comcast.net

I hereby certify under oath that a true copy of this pleading has been served this day upon each attorney of record, by pre-paid first class or in hand at the office of counsel of record.

Edwin C. Hamada
Attorney for plaintiff /defendant
DATED:

Page 27 of 27

testing mechanisms have completed their tests and interviews; and that the report of that examination be provided to the Court as well as to the parties and counsel of record.

4. That the Plaintiff be assessed with legal fees and costs incurred by Defendant, as the petition was falsely filed with the intent to deceive the Court. The petition is frivolous, vindictive and completely fabricated, both as to allegations of fact and of law.

5. For such other and further relief as the Court may deem appropriate.

ADRIAN HERNANDEZ
BY HIS ATTORNEY,

7/9/04

EDWIN C. HAMADA, ESQ.
BBO # 128480
790 Boylston Street Apt. 16C
Boston, MA 02199
Tel   617-262-8890
Fax   617-859-9538
E-Mail: edhamada@comcast.net

I hereby certify under oath that a true copy of this pleading has been served this day upon each attorney of record, by pre-paid first class or in hand at the office of counsel of record.

Edwin C. Hamada
Attorney for plaintiff /defendant.
DATED: 7/9/04

Page 27 of 27