SCANNED

DATE: _07/13/04_

BY: _Sky_

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUZANNE BRANCIFORTE**
Petitioner

v.

C.A.# 04-10640-~~RGS~~ N M G

**ADRIAN HERNANDEZ**
Respondent

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR ACCESS & ETC.[1]

Respondent **OPPOSES** the allowance of any of the three portions of Petitioner's

Motion for Access &etc., for the reasons set forth in those portions of Respondent's

responsive pleading seeking dismissal of these proceedings under Rule 12(b)(6); as

well as those provisions seeking to have these proceedings remanded or otherwise

transferred to the Worcester Division of the Probate & Family Court Department of the

Trial Court of Massachusetts.

------------------------------------

[1]Throughout this Opposition, for clarity, Petitioner is referred to as "Mother",
Respondent is referred to as "Father", the parties' minor child, Maximilian, is referred to as
"Max"and for brevity the Worcester Division of the Probate & Family Court Department of the
Trial Court of Massachusetts is referred to and shortened as either "State Court" or "Trial
Court"; the Hague Convention on the Civil Aspects of International Child Abduction os referred
to as the "treaty" and the provisions of the International Child Abduction Remedies Act [42
U.S.C. §**] is referred to as "ICARA".

## OVERVIEW

By her Motion for Access &etc., Petitioner launches her latest three-pronged approach to extort from this court, what she has been unable to achieve from any other court in two different countries, for more than 7 years. Now, in a crass attempt to use still a third legal system, following her exhaustion of the Massachusetts and Italian Court systems, petitioner nominally seeks the aid of this court to achieve what could and should have been done in and by the Massachusetts Probate & Family Court, merely upon her request - ***requests she never made*** - for:

1- visitation [which she refers to as 'access'] with her 10 year old son whom she ***voluntarily*** has not seen in more than 5 years!

2- blanket judicial immunity from process[2] which had been in place for nearly 5 years but which petitioner ignored and refused to honor; and

3- a stay of all state court proceedings which she describes as a custodial action but which, in reality, now is merely an action for increased child

---

[2]The real reason mother seeks immunity from process is that she is now at least 13 weeks in arrears in the nominal, $50.00 per week child support payments she owes for the support of Maximilian. Those arrears, which accrue weekly, constitute judgments as a matter of both Federal and State laws. No contempt has as yet been instituted for these arrears. And during the lengthy pendency of settlement negotiations with opposing counsel, Father agreed that he would not institute such proceedings. However, since negotiations were fruitless, father has provided notice to mother that un less she pays all arrears in full, he will commence a new contempt.

support.[3]

Petitioner seeks an order for these requests despite the fact that Massachusetts, its laws and courts are as available to her today as they have always been. Indeed, it was at her behest that the Judgment of divorce she obtained from father in 1997, required that all proceedings involving their child, be adjudicated in the Massachusetts state court and nowhere else, in the summertime and at no other time.

If petitioner really wants what she says she wants in her motion, all she had to do is file her ICARA petition with the State Court. And this Court must ask itself and of her: Why has she not done so? Why in the world would petitioner initiate still another action, when she is still subject to the jurisdiction of the State Court and claims to have won a victory in Italy?

Petitioner claims to need the intervention of this Court under ICARA in order to regain custody of her son, "taken" from her more than 5 years ago. The change of custody that occurred on April 27, 1999 was directed by a judgment of the Massachusetts Trial Court.

---

[3]In July1998, father brought a Complaint for Modification seeking custody of the parties' minor child, Maximilian. On April 27, 1999, a Judgment was issued granting him sole custody. Father was then permitted to seek an increase in child support upon allegations that mother had unreported assets and income on her 1998 Probate & Family Court financial statement and contempts arising out of mother's refusal to make payment of Court imposed sanctions, penalties and interest following the final denial of her appeal to the Supreme Judicial Court of Massachusetts.

Petitioner is now forum shopping, albeit in the wrong court, seeking the wrong relief, at the wrong time, all so as to avoid having to physically appear before the right judge, in the right court, where she is entitled to exactly the same relief as she professes to want here. Since ICARA grants jurisdiction to state courts as well as Federal there is no valid reason that petitioner can assert for requesting this court to intercede, while there is an open and active proceeding pending in Massachusetts.

Of course, the truth of the matter is that she knows she will never convince the state court that she is entitled to custody because that issue was fully and finally decided following a full and fair 7 day trial in which Petitioner was an active participant both as a respondent to father's complaint for custody and as the plaintiff in an action she commenced seeking permission to remove the child to Italy, which she then refused [not failed] to prosecute at trial and which was then dismissed. The trial, laced with multiple intermediate appeals taken by her and denied, was followed by a full appeal to the Appeals Court, a published decision which found there was no merit to any of her claims, and which itself was followed by a request for still further appellate review which was also denied, summarily. Petitioner has had as much access to justice as anyone should possibly be given. The case at bar is an abuse of process which should not be given still another life.

The most difficult aspect of preparing this opposition is the necessity, once again, of wading through and refuting the dozens of misstatements of fact made by mother's counsel and the plethora of outright lies which mother attempts to foist upon this Court, exactly as she has done before three different judges of the Massachusetts Trial Court, a judge of the Juvenile Court of Genoa Italy, two judges of the Appeals Court of MA on interlocutory matters, a panel of judges of the Appeals Court of Massachusetts, a panel of the Italian Supreme Court and finally, the Massachusetts Supreme Judicial Court which refused to give her further appellate review. Not one single judge here in America, gave any credence to her claims, and every appeal and every issue she pursued was rejected in the reported decision which found that there had been no error of law at the trial level, no unfairness, and which supported and approved of the custodial change as being in the best interests of the child. Neither the trial judge, nor any other court has ever found or held that the change of custody was made to punish her for not pursuing her claims. That is a figment of her delusional imagination.

Petitioner has made prodigious efforts in the past to which not one single judge in either of two nations has given credence. The foolishness and absurdity of her self-indulgent efforts is once again made painfully evident as she now attempts to shop a

new forum, the Federal system, rather than risk appearing before Hon. Susan D. Ricci,[4]

the only Judge who has a fundamental knowledge of the case and the facts built up

over more than 4 years of presiding over it, closely reviewing and ruling upon scores

of Motions and pleadings, presiding over nearly a dozen motion sessions, [including

one by telephone when Petitioner called from Italy to say she was afraid to fly due to

9/11!], presiding over 7 full days of trial, and then issuing 28 pages of detailed, single

spaced, findings of fact and conclusions of law and a multiple page judgment, all of

which is attached as Ex. "A".

What petitioner is really doing is not so much reflected in the words of her

motion. Rather, once again, she is attempting to use still another forum to judicially

kidnap her son and to financially bankrupt and emotionally hurt her former husband,

who has had the courage and fortitude to stand up to her uncontrollable rage, her

unstoppable selfishness and her unbridled willingness to lie about and distort any and

every fact which gets in her way. Petitioner is not the mother for whom empathy

would dictate a compensating desire to right the "wrongs" done to her, because she

is the perpetrator - not the victim, she is the kidnapper - not the parent in the window

with a candle waiting for the return of her long lost son. Petitioner is a vengeful

woman who has refused to see her child for more than 5 years, despite promises to do

---

[4]Assoc. Justice, Probate & Family Court Worcester Division, of the Trial Court of the Commonwealth,

so, and despite even a court order obtained by *father* that provided complete protection from being served with process.   And even after that had been offered and entered, still she did not come to see the child, but all the while she filled her son's head by telephone,  with claims and threats that he would again be taken to Italy, again ripped from the arms of his dad, the one person who has always placed the child's needs ahead of his own, the one person who has cared for, deeply loved, well parented and correctly shepherded a small and somewhat fearful 5 year old boy into a healthy, well adjusted, 10 year old, who with relatives everywhere across the country, and a legion of friends in greater Boston  admirably have provided with a depth of security, love, understanding, education, learning and comradery, that have helped him to overcome his inability to understand his mother's cruel and aberrant behavior towards him, by her 64 month self-imposed absence.

This latest episode in the struggle is not surprising as it is consistent with the long list of previous duplicitous and wrongful attempts to mislead and sidetrack every judge in every court which has ever entertained any aspect of this charade, in which petitioner has made and now continues to make a mockery of the true purpose of the judicial process.

All the words used in the Mother's Petition and in this Motion for Access &etc., and the Memorandum, claiming that all the courts were previously wrong, excepting

the Italian Supreme Court which was correct and that the Treaty is applicable, cannot mask the fact that as a matter of law and fact, mother has neither standing nor any claim in this Court to assert the Hague Convention's clause about "access" because the only wrongful retention of the child was committed by her, not by father.

Father and son, the now 10 year old child who has not seen his mother for over 5 years, have had their lives held hostage by the former wife-mother, each time she fires the canons of her terrorist, litiginous and extra-judicial demands, in the vain hope that father would give up, run out of money, tire of the fight, and yield the child, ignoring the Massachusetts Courts' decisions. That will never happen voluntarily.

In summary *__what is really going__* on is mother's latest effort to *__forum shop__* until she can find a sympathetic judicial ear who may believe her incessant lies, distortions and mis-cues, so as to attain custody of her son, regardless of the effect on her son, and regardless of the Final Judgment of the Trial Court, of both the Massachusetts Appeals Court and the Massachusetts Supreme Judicial Court, both of which upheld every single part of the judgment below leaving petitioner to seek whatever redress was still left to her, in the trial court.

Counsel for father realizes that this has not been a typical memorandum, nor

perhaps even a typical opposition.  No disrespect is intended to the Court, but the

decision now being sought is one based on fact, rather than law.  And the facts that are

both relevant and material were established long ago and should not be re-litigated, for

any reason, in any court, anywhere.

<div style="margin-left:40%">

Respectfully Submitted,

ADRIAN HERNANDEZ, RESPONDENT

By his Attorney,


EDWIN C. HAMADA, Esq.
BBO # 218480
790 Boylston Street
Boston, MA 02199
617-262-8890

</div>

July 12, 2004

I hereby certify under oath that a true copy of
of this pleading has been served this day upon
each attorney of record, by pre-paid first class
or in-hand at the office of counsel of record.

Edwin C. Hamada
Attorney for plaintiff /defendant.

DATED: _____