UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE BRANCIFORTE[1]

v.  C.A.#04-10640NMG

ADRIAN HERNANDEZ[2]

## FATHER'S MOTION TO DISMISS[3]

Pursuant to Fed. R. Civ. P. 12(b)(6), father moves that the Complaint be dismissed as it fails to state a claim for which relief can be granted in that:

1- This action is barred, as a matter of law, by the doctrine of *res judicata*, and by all forms of issue preclusion, whether under Massachusetts common law or Federal common law, or both.

   A. The issue of "custody" of the minor child, was fully litigated in an adversary proceeding commenced by respondent in the Worcester Division of the Probate & Family Court Department of the Trial Court of the Commonwealth of Massachusetts, Docket # 95 DR 2156-DV1.

---

[1] For clarity, hereafter referred to as "mother."

[2] For clarity, hereafter referred to as "Father".

[3] Filed by permission of the Court granted on July 22, 2004, in the course of a status conference.

After issue was joined and prior to her commencement of any other litigation in Italy, mother then filed her own complaint seeking permission to remove the minor child from the Commonwealth of Massachusetts.

B.  Thereafter, a Final Judgment of the Probate & Family Court Department of the Massachusetts Trial Court was entered on April 27, 1999 [actual, duplicate original annexed as Exhibit "A".] That Judgment was unsuccessfully appealed by the petitioner. *Hernandez v. Branciforte*, 55Mass. App. Ct.212 (2002) [actual slip opinion annexed as Ex. "B".] Further appellate review was sought by mother but was denied by the Supreme Judicial Court.

C.  The full faith and credit statutes, 28 U.S.C. s. 1738 and 28 U.S.. 1738A, preclude this Court's ability to revisit these issues, as this court lacks jurisdiction to review them, even as to federal claims not presented in state court, where the claims now made were inextricably intertwined, with the claims adjudicated.

D.  This Federal action was not brought within one year of the alleged wrongful taking; indeed, it was not brought for more than 5 years from the alleged taking and ought to be dismissed, as a matter of law.

2.  Father further requests discretionary dismissal of this action under the doctrine of *forum non conveniens* in that the issues of custody, habitual residence, wrongful taking and wrongful retention were all

   A. Identical to those involved in the prior action;

   B. Actually litigated;

   C. Determined by a valid and binding final judgment;

   D. The determination of the issues were essential to the prior Judgment.

Adrian Hernandez, Respondent
By His Attorney,

_____
Edwin C. Hamada, Esq.
BBO # 128480
Unit 16C
790 Boylston Street
Boston, MA 02199
Tel   617-262-8890
Fax   617-859-9538
E-Mail: edhamada@comcast.net

July 29, 2004

I hereby certify under oath that a true copy of
of this pleading has been served this day upon
each attorney of record, by pre-paid first class
or in hand at the office of counsel of record.

_____
Edwin C. Hamada
Attorney for plaintiff /defendant.
DATED: 7/29/04