UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE BRANCIFORTE,

Petitioner,

v.

ADRIAN HERNANDEZ,

Respondent.

Civ. No.: 04-10640-NMG

## PETITIONER'S PROPOSED ORDER RE INTERIM TELEPHONIC ACCESS

This matter having been brought before this Court by Petitioner Suzanne Branciforte ("Ms. Branciforte" or "Suzanne"), and the parties having submitted pleadings and briefs setting forth their substantive positions regarding the claims in this matter, and counsel for Respondent Adrian Hernandez ("Mr. Hernandez" or "Adrian") having requested a continuance of the oral argument on pending motions (which has been rescheduled for September 9, 2004), and the parties having narrowed their dispute regarding the terms of telephonic access but not reached a complete agreement on such terms, and a hearing having been held on August 18, 2004, in open Court regarding telephonic access between Ms. Branciforte and Max, and

WHEREAS Ms. Branciforte has commenced this action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") in connection with a request by the Central Authority of Italy for the return of Max to Italy and for immediate reasonable access between Ms. Branciforte and her son;

WHEREAS Respondent Adrian Hernandez ("Mr. Hernandez" or "Adrian") disputes the merits of the claims in this action, objects to the jurisdiction of this Court, and contends that all

custody issues should be heard in the Worcester Probate Court;

WHEREAS, on the request of Respondent, this Court has rescheduled the hearing on pending motions, now set for September 9, 2004, which includes Ms. Branciforte's motion for immediate access in the form of visitation with Max and Mr. Hernandez's motion to dismiss; and,

WHEREAS, this Court has indicated that, in the interim, the parties through their counsel should arrange for telephonic access between Ms. Branciforte and her son Max;

IT IS HEREBY ORDERED as follows through the resolution of this matter[1] or until further Order of this Court:

1. Ms. Branciforte and Mr. Hernandez shall cooperate, through their counsel, to facilitate and maintain reasonable telephonic access between Ms. Branciforte and her son Max, at least two times each week, on weekdays between the hours of 5:30 p.m. and 8:00 p.m. and on weekends as the parties may agree through their counsel. The parties shall cooperate reasonably and promptly, through counsel, in identifying alternative times for these telephone calls if scheduling conflicts arise.

2. During telephone conversations with Max, Ms. Branciforte shall not make any reference to litigation, lawyers, or claims between the parties. During such conversations, Ms. Branciforte shall not make reference to visitation with Max, to any plans for her travel to the

---

[1] Article 1 of the Hague Convention provides that the objectives of the Hague Convention include not only ensuring the return of children to a former place of habitual residence, but also honoring that rights "of access under the law of one Contracting State are effectively respected in the other Contracting States." The International Child Abduction Remedies Act, commonly referred to as ICARA, implements the Hague Convention and provides this Court with jurisdiction to grant provisional remedies during the pendency of this proceeding in the interests of the "well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(b).

United States to see him, or to any potential relocation of him to Italy. Should Max raise any of these subjects, Ms. Branciforte shall inform Max only that it is not the right time to discuss such matters and then shall return the discussion between them to other subjects.

3. Mr. Hernandez shall be entitled to remain on a separate telephone extension during these calls. Should Max become upset or otherwise wish to terminate any call, Mr. Hernandez shall be entitled to terminate the particular telephone call politely, but Ms. Branciforte shall retain her right to subsequent and ongoing telephonic contact with Max consistent with the terms of this Order. Except as expressly provided herein, Mr. Hernandez is not to take any action(s) that would interfere with telephonic access between Ms. Branciforte and Max.

4. The parties shall not threaten, abuse, disparage, or insult each other or Max during or in connection with the telephonic access between Ms. Branciforte and Max.

5. Nothing herein is intended to limit the Parties' efforts or rights to reach additional agreements that could narrow or resolve remaining claims between them.

IT IS HEREBY ORDERED, this _____ day of August, 2004, that the Parties comply with these terms until further Order of this Court.

_____
Honorable Nathaniel M. Gorton
United States District Judge

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand
Date: 8/17/04 [signature]