UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE BRANCIFORTE, <br><br> Petitioner, <br><br> v. <br><br> ADRIAN HERNANDEZ, <br><br> Respondent. | Civ. No.: 04-10640-NMG |

## ORDER RE INTERIM TELEPHONIC CONTACT

This matter having been brought before this Court by Petitioner Suzanne Branciforte ("Ms. Branciforte" or "Suzanne"), and the parties having submitted pleadings and briefs setting forth their substantive positions regarding the claims in this matter, and counsel for Respondent Adrian Hernandez ("Mr. Hernandez" or "Adrian") having requested a continuance of the oral argument on pending motions (which has been rescheduled for September 9, 2004), and the parties having narrowed their dispute regarding the terms of telephonic access but not reached a complete agreement on such terms, and a hearing having been held on August 18, 2004, in open Court regarding telephonic access between Ms. Branciforte and Max, and

WHEREAS Ms. Branciforte has commenced this action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") in connection with a request by the Central Authority of Italy for the return of Max to Italy and for immediate reasonable access between Ms. Branciforte and her son;

WHEREAS Respondent Adrian Hernandez ("Mr. Hernandez" or "Adrian") disputes the merits of the claims in this action, objects to the jurisdiction of this Court, and contends that all

custody issues should be heard in the Worcester Probate Court;

WHEREAS, on the request of Respondent, this Court has rescheduled the hearing on pending motions, now set for September 9, 2004, which includes Ms. Branciforte's motion for immediate access in the form of visitation with Max and Mr. Hernandez's motion to dismiss; and,

WHEREAS, this Court has indicated that, in the interim, the parties through their counsel should arrange for telephonic access between Ms. Branciforte and her son Max;

IT IS HEREBY ORDERED that until final resolution of this matter:[1]

1.  Ms. Branciforte and Mr. Hernandez shall cooperate, through their counsel, to facilitate and maintain reasonable telephonic access between Ms. Branciforte and her son Max, at least two times each week, on weekdays between the hours of 5:30 p.m. and 8:00 p.m. Eastern Daylight Time and on weekends as the parties may agree through their counsel.[2] The parties shall cooperate reasonably and promptly, through counsel, in identifying alternative times for these telephone calls if scheduling conflicts arise.

2.  During telephone conversations with Max, Ms. Branciforte shall not make any reference to litigation, lawyers, or claims between the parties. During such conversations, Ms. Branciforte shall not make reference to visitation with Max, to any plans for her travel to the

---

[1] Article 1 of the Hague Convention provides that the objectives of the Hague Convention include not only ensuring the return of children to a former place of habitual residence, but also honoring that rights "of access under the law of one Contracting State are effectively respected in the other Contracting States." The International Child Abduction Remedies Act, commonly referred to as ICARA, implements the Hague Convention and provides this Court with jurisdiction to grant provisional remedies during the pendency of this proceeding in the interests of the "well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(b).

[2] For purposes of this Order only, each "week" commences on Thursday and ends on Wednesday.

United States to see him, or to any potential relocation of him to Italy. Should Max raise any of these subjects, Ms. Branciforte shall inform Max only that it is not the right time to discuss such matters and then shall redirect the discussion between them to other subjects.

3.      Mr. Hernandez shall be entitled to remain on a separate telephone extension during these telephone calls. Should Max become upset or otherwise wish to terminate any call, Mr. Hernandez shall be entitled to terminate the particular telephone call politely, but Ms. Branciforte shall retain her right to subsequent and ongoing telephonic contact with Max consistent with the terms of this Order. Each telephone call shall not exceed 20 minutes in duration in any event. Except as expressly provided herein, Mr. Hernandez is not to take any action(s) that would interfere with telephonic access between Ms. Branciforte and Max.

4.      The parties shall not threaten, abuse, disparage, or insult each other or Max during or in connection with the telephone conversations between Ms. Branciforte and Max.

5.      Nothing herein is intended to limit the parties' efforts or rights to reach additional agreements that could narrow or resolve remaining claims between them.

The parties shall comply with the terms of this Order until further Order of this Court.

SO ORDERED:

August 19, 2004

_/s/ Nathaniel M. Gorton_
Honorable Nathaniel M. Gorton
United States District Judge