SCANNED
DATE: 9-20-04
BY: OMK

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUZANNE BRANCIFORTE,<br><br>Petitioner,<br><br>v.<br><br>ADRIAN HERNANDEZ,<br><br>Respondent. | Civ. No.: 04-10640 NG<br>NMG |

## PETITIONER'S UPDATED STATUS REPORT REGARDING MEDIATION

At the hearing on September 9, 2004, this Court directed that counsel file a brief status report, by September 13, 2004, regarding mediation, including reasons why any party is unwilling to participate in mediation of the claims between the parties. On September 13, 2004, Petitioner filed a status report and stated that she would update it by the end of the week. Respondent has not filed a status report, has not provided a commitment to mediation, and has not provided reasons why the parties should not attempt mediation.

Instead of providing the status report as requested by this Court, Respondent apparently sent to this Court's clerk a lengthy and quite hostile email, much of the content of which is obviously disputed. Unless the Court requests otherwise, Petitioner's counsel will not respond to each of the assertions in the email, except to state that the email is highly inaccurate. As described in the Verified Petition in this matter, hostile communications by counsel and overzealous litigation tactics in the past contributed substantially to the harm suffered in the relationship between Petitioner and her son.

Unfortunately, one accurate reference in the email is to the fact that Petitioner has not been provided with an opportunity to speak with her son in more than a week. When undersigned counsel informed Respondent's counsel of that fact yesterday, Respondent's counsel responded in writing by email that "Adrian [Hernandez] has no obligation to sit around and wait for her highness to call." Earlier today, Petitioner's counsel sent a letter by facsimile and mail to Respondent's counsel reminding him of this Court's Order requiring telephonic access, requesting that the missed telephone calls be remedied, and informing him that "[o]bviously only as a last resort would I want to seek a contempt finding." A copy of the letter is attached hereto as Exhibit A. Petitioner leaves to the Court the appropriate remedy for the Respondent's unwillingness to make the child available at particular times or to return telephone calls because of the expense.

Petitioner reiterates her request that this Court refer the parties to mediation. While Respondent's counsel has repeatedly rejected the concept of mediation, his client has expressed a strong desire to settle this matter. Even communications from Respondent's counsel state the fact that his client wants to settle more than he does. For the sake of the child, the parties should have the opportunity to resolve the issues between them before a neutral mediator, without hostility in the name of legal representation serving to obstruct a resolution in a manner similar to the way it so damaged a child's relationship with his mother.

Dated: September 17, 2004

Respectfully submitted,

By: _____
Barry S. Pollack (BBO#642064)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, MA 02108
(617) 720-2880
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing Amended Verified Petition to be served on all counsel of record, including Edwin Hamada, Esq., for Respondent Adrian Hernandez, this 17th day of September, 2004.

_____
Barry S. Pollack