UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUZANNE BRANCIFORTE,

Petitioner,

v.

ADRIAN HERNANDEZ,

Respondent.

Civ. No.: 04-10640 NG

**PETITIONER'S RESPONSE TO RESPONDENT'S
STATUS REPORT REGARDING MEDIATION**

Petitioner respectfully submits this limited Response to Respondent's Status Report. While Petitioner disagrees with many of the characterizations therein, three items require correction for pre-hearing purposes before the Court.

First, notwithstanding any suggestion to the contrary by Respondent, Petitioner understands and fully intends to fulfill her obligation to appear in Massachusetts for a deposition no less than a week before the trial in this matter. This Court established such a schedule in response to Petitioner's request to attend her deposition and the evidentiary hearing in this matter during a single trip back from Italy to Massachusetts. Accordingly, Respondent's counsel has no basis for claiming that Petitioner's return to Italy in the interim runs contrary to any representation to the Court. Likewise, Respondent's request for a postponement of the evidentiary hearing, claiming that he still needs to depose Petitioner, simply ignores the very schedule established by this Court.

Second, Respondent has now confirmed that he does not intend to provide any further briefing on his motion to dismiss. Accordingly, there has been no precedent identified on which

to dismiss, on any of the grounds raised by Respondent, an action seeking to enforce a request for reasonable access and the return of a child under the Hague Convention on the Civil Aspects of International Child Abduction. Without a need to engage in further briefing, the parties have that much more time to prepare for the evidentiary hearing that this Court set for October 29, 2004. Respondent's request for a further postponement runs contrary to obligations under the Hague Convention that require expeditious hearings and cooperation among the signatory nations with each request by a member nation's Central Authority for remedies under the Hague Convention, such as the request here by the Central Authority of Italy for the return of Max or, in the alternative, reasonable access between him and his mother.

Third, Petitioner and Respondent's counsel have not, as Respondent's counsel describes it, "spent hours discussing the Court's suggestion" for mediation. Respondent's counsel simply refuses to discuss mediation. References by Respondent's counsel to a Probate Court serving as a mediator entirely ignores what mediation is, and Petitioner could just as easily suggest that the Italian Family Court or Italian Supreme Court, both of which have ruled in her favor, could either serve as or appoint mediators.

Dated: September 23, 2004

Respectfully submitted,

By: _____
Barry S. Pollack (BBO#642064)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, MA 02108
(617) 720-2880
Attorneys for Petitioner Suzanne Branciforte

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused the foregoing Amended Verified Petition to be served on all counsel of record, including Edwin Hamada, Esq., for Respondent Adrian Hernandez, this 23rd day of September, 2004.

                                            _____
                                            Barry S. Pollack