UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 23 P 3: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

**SUZANNE BRANCIFORTE**
Petitioner

v.                    C.A.# 04-10640-RGS

**ADRIAN HERNANDEZ**
Respondent

## DEFENDANT'S STATUS REPORT

On September 9, 2004, this Court requested a brief status report be filed jointly or, if not possible, then by each party, on the questions of mediation, suggested mediators and what reasons would prevent either party from engaging in the ADR process.

Respondent and counsel have spent hours discussing the Court's suggestion. The resolution of these discussions is always the same: Namely, that mediation would not be effective for a host of reasons including the following:

1.  The principal issue in this Federal Court action was actually a mixed question of fact and law as to whether there was either a wrongful taking or a wrongful retention of the minor child, by Father, nearly 5 ½ years ago in April, 1999. That issue, as such, would not lend itself to mediation. It made no sense to think of mediating one issue to the exclusion of all others that are extant.

2.  In addition to the Hague issue there are many other outstanding issues between the parties which are virtually identical to those which were brought before the Probate Court in 1998 and which then required a judicial intervention so as to achieve a resolution both final and enforceable, when the parties were unable to agree on a solution by themselves and the divorce judgment required [and still does] that all future issues be presented to the Probate Court as the sole forum for conflict resolution.

3.     The parties are each unable to afford the cost of mediation. Father is financially strapped, earning a fixed income as a teacher, attending university for his advanced degree and in serious need of additional child support from Mother who, for all these years, has only paid $50.00 per week, despite multiple requests that she pay more. Mother claims that the state court injunction against her receiving royalties from her publisher, which issued in March of this year, leaves her with earnings of only $6,000.00 per year - an amount she certified, ***under oath***, to the Probate Court within just the past month, as being her only other income. The learning curve time alone, which a mediator would have to invest in order to be able to provide a neutral but informed setting, before any hearing or mediation actually occurred, would be financially prohibitive.

4.     The best mediator in the world is the trial judge in the Probate & Family Court, Hon. Susan D. Ricci, who has been uniquely involved in this case for more than 6 years. No one else would have a better knowledge of the facts. Mother's clear efforts at avoidance of that judge, impugns the judge's character and impartiality, without a shred of evidence to indicate neutrality has ever been compromised.

    a.     A judge hears evidence and in 'preponderance' standard cases, such as is pending in the Probate Court, mediates the issues and makes a decision.

    b.     Under all of the circumstances presented, and principally because of the breadth of the issues outstanding, the parties need a decision that provides real finality, from which neither can walk away without real consequences.

    c.     From the fall of 1997 into the summer of 1998, Father made every conceivable effort to reach a mediated settlement of issues that were outstanding, but without success. Thus, litigation had to be undertaken in the hope that it would bring both closure and finality to the problems then being experienced by the parties. The problems were all presented to the Probate Court in 1998 by means of complaints filed by both parties which raised the issues of father seeking custody, mother seeking the right to remove the minor child from Massachusetts to Italy, non-custodial parent visitation and contacts, child support and contempt. Every one of those issues was dealt with, tried over the course of a 7 day trial and resolved with finality.

5.  Despite the appearance of finality as to the custody issue Respondent finds himself in Court 5 ½ years later, on the brink of having to retry what has been done previously in 5 courts, in 2 countries. Mediation of this issue by itself, will just not work.

For the foregoing reasons, the Respondent requests that the Court rule upon his Motion to Dismiss, for the reasons set forth in the Motion and its accompanying memorandum of law filed many weeks ago. Counsel has reviewed the Memorandum of law and is satisfied that it presents the correct bases for dismissal of the petition in this Circuit and will not be briefing the issue further.

In the event that the Court should deny the Motion to Dismiss then Respondent requests a new discovery schedule be formulated and a later date be set for trial as there is just not enough time remaining to accomplish the most important task of obtaining the Petitioner's deposition and production of documents accurately and formally translated into English[1] and then prepare for trial. An extended period is now made particularly necessary because Petitioner suddenly returned to Italy last week despite assurance from her counsel, in open Court, that she would be here.

                                        Respectfully submitted,
                                        Adrian Hernandez, Respondent
                                        By his attorney,

                                        Edwin C. Hamada, Esq. #218480
                                        790 Boylston Street
                                        Boston, MA 02199
                                        Tel: 617-262-8890
September 23, 2004                Fax: 617-859-9538

---

[1] In the course of the 1998 proceeding, following mother's refusal to produce documents in response to a duly served Rule 34 Request, Mother was ordered to produce accurate English translations of all Italian language documents including those filed with the Italian Courts. Mother has never produced her original complaint to the Juvenile Court of Genoa Italy, one of the most critical documents to the decision of the Hague issue.

## CERTIFICATE OF SERVICE

I hereby certify that I today caused the foregoing Status Report to be served upon Barry S. Pollack, Esq., counsel of record for the petitioner, by messenger delivery to his office at One Beacon Street, Boston, MA 02108.

Dated:    September 23, 2004                 _____
                                             EDWIN C. HAMADA